Pearson, C. J.,
dissentients. It is settled, that to entqr a dwelling-house, by coming down the chimney, is a burglarious breaking. But I cannot concur in the conclusion, that the opening, used in this instance, for the passage of smoke, comes within the application of the principle. It is true, the structure is called a chimney in the statement of the case, but a d'esription is given of it, so as to present the question, is it a chimney, within the meaning of the law, in reference to burglary ? It is also true, that this, like many other questions of law, is attended with difficulty; but it seems to me, that the mode resorted to for its solution, is not the true one : If, to enter a chimney, five feet and half high, be not burglary, how much higher must it be ? — ten, fifteen, or twenty feet ? A good rule works both ways. If, to enter a chimney five and a half feet high, be burglary, how rauch lower may it be ? — four, three, or two feet ?
Upon a consideration of the reason of the law, in respect to chimneys, and calling in aid the analogies furnished by the eases on other points, although no case is found on the point now before us, my conclusion, is, that the opening or structure, or chimney, call it what you please, roust be such a one as may reasonably be relied on for protection against felonies ; which is a question to be decided! by the Court, upon the facts- *193 of each case, like ordinary diligence, probable canse, reasonable time, &c.
The law, making it burglary to enter by a chimney, is founded on this reason : the purpose of a chimney, requires that it should be left open, and its construction is usually such, that more effort and daring is necessary to enter in that way, than to force a door or hoist a window. From the cases, this principle may be deduced in respect to burglary : the law will not protect, by capital punishment, when the owner of a dwelling-house is negligent, ór omits to take reasonable care, e. g., if the door be shut, but is left unfastened; State v. King, 9 Ire. Rep. 463. So, if the door of a smoke-house, within the curtilege, be locked, but the key is left in it — so, if a window is left partly open, say, two inches, but not enough to admit a man, and he raises if higher and enters, it is not a burglarions breaking ; Rex v. Smith, 1 Moody, 178. So, if the opening has no sash in it, or the sash is partly gone from decay or otherwise, and one enters through it; because it is the folly of the owner to allow his house to be in this unprotected condition ; 1 Hale, 552.
The purpose of a chimney requires that it should be open, but, as I apprehend, in order to bring it within the principle, the structure must be such a one as may reasonably be relied on for protection ; for, if it be partly rotted down, so as to be no higher than a man’s head, and as easy to enter as a window with the sash out, it must stand on the same footing. The old cases which established the doctrine that an entry by coming down the chimney, is a burglarious breaking, were decided wifli much hesitation, because the hole was open, and although a description of the chimney is not given in any of them, still it is clearly to be inferred, the entrance in that mode was difficult, and that circumstance was taken to counterbalance the fact of its being open. In Rex v. Brice, Russ & Ryan Cr. Cas. 450, it is evident that the chimney was a high one, for it had to be cleaned by a sweep, and the prisoner, who was á chimney-sweep, had been employed to clean it a few days before the night he was apprehended, in the attempt to *194 come down through it. In the case now before us, the top part of the chimney, a funnel, had rotted off, and but for the few loose boards that were laid over it, to keep out the rain, (upon which no stress is laid) a smart dog could easily have jumped in and stolen the lady’s meat, and if one or two more rounds had been off, an enterprising old sow could have performed the same feat! I cannot bring my mind to the conviction, that to enter through such a hole, constitutes the crime of burglary, nor am I satisfied, by calling this structure a chimney, and relieving myself from the difficulty of distinguishing between the different kinds of chimneys by saying that “ a chimney is a chimneyfor that seems to me to be sticking in the letter, which we are admonished not to do, even in the construction of statutes, by the maxim, “ qui km.ret in litera kmret m corbiee, and of course it should not be done in making the application of a principle of the common law, which rests on “the reason of the thing.”
Per Curiam,
Judgment affirmed.